**F I L E D**
CLERK, U.S. DISTRICT COURT

11/02/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>MONTY DARRIN SIMPSON,<br><br>          Defendant. | No. 2:22-cr-00506-JVS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(A)(vi): Possession with Intent to Distribute Methamphetamine and Fentanyl; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(c)(1)(A)(i): Carrying Firearms During and in Relation to, and Possessing Firearms in Furtherance of, Drug Trafficking Crimes; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 21 U.S.C. § 853, 18 U.S.C. § 924, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 21, 2022, in Los Angeles County, within the Central District of California, defendant MONTY DARRIN SIMPSON

knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 7,486.64 grams, of methamphetamine, a Schedule II controlled substance.

Prior to committing the offense alleged in this Count, defendant SIMPSON had been finally convicted of a serious drug felony, as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 851, namely, on or about May 1, 2017, in the United States District Court for the District of Utah, case number 2:14-CR-00013-TS, defendant SIMPSON was convicted of Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 846, for which defendant SIMPSON served a term of imprisonment of more than 12 months.  Defendant SIMPSON was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in this Count.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about January 21, 2022, in Los Angeles County, within the Central District of California, defendant MONTY DARRIN SIMPSON knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1,461.05 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

Prior to committing the offense alleged in this Count, defendant SIMPSON had been finally convicted of a serious drug felony, as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 851, namely, on or about May 1, 2017, in the United States District Court for the District of Utah, case number 2:14-CR-00013-TS, defendant SIMPSON was convicted of Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 846, for which defendant SIMPSON served a term of imprisonment of more than 12 months.  Defendant SIMPSON was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in this Count.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about January 21, 2022, in Los Angeles County, within the Central District of California, defendant MONTY DARRIN SIMPSON knowingly possessed firearms, namely, a Colt, model Combat Commander, .45 caliber pistol, bearing serial number 70SC56527, and a Smith and Wesson, model SD9, 9mm caliber pistol, bearing serial number FBJ4033, and ammunition, namely, approximately 12 rounds of Federal 9mm caliber ammunition, two rounds of Underwood 9mm caliber ammunition, one round of Sig Sauer 9mm caliber ammunition, one round of RUAG 9mm caliber ammunition, eight rounds of Tulammo .45 caliber ammunition, approximately 106 rounds of United States Army 5.56 caliber ammunition, approximately 42 rounds of Fiocchi .223 caliber ammunition, two rounds of Tulammo .223 caliber ammunition, six rounds of Federal .223 caliber ammunition, one round of Poongsan .223 caliber ammunition, and two rounds of Winchester .223 caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant SIMPSON possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, case number TA019913, on or about August 5, 1992;

2.   Possession of a Firearm by a Felon, in violation of California Penal Code Section 12021, Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377(a),

4

and Possession of a Controlled Substance While Armed, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Orange, case number 95WF1733, on or about September 6, 1995.

3.   Sale or Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior Court of the State of California, County of Los Angeles, case number VA045871, on or about May 5, 1998;

4.   Possession of a Firearm by a Felon, in violation of California Penal Code Section 12021(a)(1), and Felon Carrying a Loaded Firearm in Public, in violation of California Penal Code Section 12031(a)(2)(A), in the Superior Court of the State of California, County of Orange, case number 04WF1496, on or about January 3, 2005;

5.   Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, and Sale or Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior Court of the State of California, County of Orange, case number 08NF3298, on or about June 9, 2010;

6.   Sale or Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, and Felon Carrying a Firearm in Public, in violation of California Penal Code Sections 12031(a)(1), (a)(2)(A), in the Superior Court of the State of California, County of Orange, case number 09WF1924, on or about June 9, 2010;

7.   Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the

State of California, County of Los Angeles, case number VA123739, on or about March 21, 2012;

8.   Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 846, in the United States District Court for the District of Utah, case number 2:14-CR-00013-TS, on or about May 1, 2017.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about January 21, 2022, in Los Angeles County, within the Central District of California, defendant MONTY DARRIN SIMPSON knowingly carried firearms, namely, a Colt, model Combat Commander, .45 caliber pistol, bearing serial number 70SC56527, a Smith and Wesson, model SD9, 9mm caliber pistol, bearing serial number FBJ4033, and a firearm silencer, bearing no manufacturer's mark or serial number, during and in relation to, and possessed each firearm in furtherance of, drug trafficking crimes, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Two of this Indictment.

COUNT FIVE

[26 U.S.C. § 5861(d)]

On or about January 21, 2022, in Los Angeles County, within the Central District of California, defendant MONTY DARRIN SIMPSON knowingly possessed a firearm, namely, a firearm silencer, bearing no manufacturer's mark or serial number, which defendant SIMPSON knew to be a firearm and silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which had not been registered to defendant SIMPSON in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

1   sold to, or deposited with a third party; (c) has been placed beyond
2   the jurisdiction of the court; (d) has been substantially diminished
3   in value; or (e) has been commingled with other property that cannot
4   be divided without difficulty.

1            FORFEITURE ALLEGATION TWO

2        [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3      1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 924(d)(1), and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offenses set forth in any of Counts Three and Four of this

9  Indictment.

10     2.   The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12          (a)  All right, title, and interest in any firearm or

13  ammunition involved in or used in any such offense; and

14          (b)  To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17     3.   Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  convicted defendant shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  substantially diminished in value; or (e) has been commingled with

27  other property that cannot be divided without difficulty.

28

11

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

3.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

4.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
  Office

KRISTIN N. SPENCER
Assistant United States Attorney
Santa Ana Branch Office